IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIO L. WHITE, | ) | 8:15CV160 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LAGOON PUMPING AND | ) | |
| DREDGING, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Mario White filed his Complaint (Filing No. 1) on May 4, 2015.  This court has given White leave to proceed in forma pauperis.  (Filing No. 7.)  The court now conducts an initial review of White's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

White offered no explanation in his Complaint for why he is suing the defendant.  Thus, he failed to state a claim upon which relief may be granted against the defendant.  On the court's own motion, White will have 30 days in which to file an amended complaint that sufficiently describes his claims against the defendant.  White should be mindful to explain what the defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right White believes the defendant violated.  If White fails to file an amended complaint in accordance with this Memorandum and Order, his claims against the defendant will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1.     White must file an amended complaint within 30 days in accordance with this Memorandum and Order.  This action will be dismissed without prejudice and without further notice if White fails to do so.

2.     The clerk of the court is directed to set the following pro se case management deadline: October 5, 2015: check for amended complaint; dismiss if none filed.

2

3.      To avoid confusion, any document that White sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 2nd day of September, 2015.

BY THE COURT:

*s/* John M. Gerrard
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.